UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES BOBAK,

    Plaintiff,

v.   Case No. 16-10092

BLUE CROSS BLUE SHIELD OF MICHIGAN,

    Defendant.
                                              /

**OPINION AND ORDER DENYING
DEFENDANT'S MOTION TO DISMISS**

Plaintiff James Bobak is an employee of Defendant Blue Cross Blue Shield of Michigan. (Dkt. # 1.) Plaintiff alleges that Defendant promised, in writing, that Plaintiff's years-of-service credits from his prior employer would count toward the required credits for the vesting privileges of his retirement plan with Defendant when he was hired. (*Id.*) Plaintiff further alleges that he relied on this written promise in accepting the position with Defendant and that Defendant subsequently refused to follow through. (*Id.*)

Plaintiff brought his first action against Defendant in Wayne County Circuit Court on October 28, 2014 and Defendant properly removed to the Eastern District of Michigan, where it was assigned to this court. (*See Bobak v. Blue Cross Blue Shield of Michigan*, Case No. 2:14-cv-14494, Dkt. # 1 (E.D. Mich. November 25, 2014) ("*Bobak I*")). In his first action, Plaintiff's complaint contained two counts: fraud in the inducement and breach of contract. (*Id.*) Plaintiff alleged facts nearly identical to those alleged in the instant action and sought "the five years of service, or in the alternative to be paid for five years of credited service." (*Id.*) Defendant filed a motion to dismiss on December 9,

2014, arguing that Plaintiff's claim was moot because he had become eligible for the benefits in question years prior. (*Bobak* I, Dkt. # 3.) The court granted Defendant's motion on June 30, 2015, reasoning:

> It is undisputed that Plaintiff's benefits plan vested in June 2005. Defendant contends that plaintiff's eligibility serve date plays no part in calculating the amount of Plaintiff's benefits under the employee retirement benefits plan, but rather is used "solely" to determine when Plaintiff became eligible to receive those benefits. Plaintiff acknowledges that "Defendant agues [sic] that there is no economic loss in the case at bar and since there is no economic loss this case should be dismissed." However, Plaintiff does not contest Defendant's characterization of the eligibility services date or the impact (or lack thereof) of the agreement to credit five years of employment on the actual benefits received. Instead, Plaintiff responds that "[d]amages in fraud in the inducement cases are tort damages, not contract damages." Plaintiff does not, however, seek any tort damages in his complaint. The complaint seeks only that Plaintiff be credited five years of service or, in the alternative, to be paid for five years of credited service.
>
> Because it is uncontested that Plaintiff's plan has vested and because Plaintiff does not contest that the remedy sought would not affect any other aspect of his retirement benefits, the court finds that "there is nothing left for [plaintiff] to win." [*Pettrey v. Enterprise Title Agency, Inc.*, 584 F.3d 701, 703 (6th Cir. 2009).] Accordingly, the case will be dismissed as moot.

(Dkt. # 1, Pg. ID 28-30 (internal citations to record omitted).)

Plaintiff filed the present action in the Wayne County Circuit Court on December 21, 2015 and Defendant again removed to this court. (*Id.* at Pg. ID 2, 7.) The instant complaint alleges that "Plaintiff suffered both economic and opportunity loss by relying on the [written promise] and [Defendant] gained the ability to maintain talent. Plaintiff seeks only economic loss measureable. [sic]" (*Id.* at Pd. ID 10.) The complaint further alleges that "[a]s a direct and proximate result of said fraud in the inducement [Plaintiff] has suffered damages exceeding the amount of $702,700 in expenses, legal fees, lost time and wages, and interest for each year [Plaintiff] relied on the offer." (*Id.*) Otherwise, the two complaints are functionally identical.

2

Now before the court is Defendant's Motion to Dismiss. (Dkt. # 12.) Defendant argues that Plaintiff's claim is barred by the doctrine of *res judicata*. (*Id.* at Pg. ID 81.) The doctrine of *res judicata* requires (1) a final decision on the merits of the first action by a court of competent jurisdiction; (2) that the second action involve the same parties, or the privies, as the first; (3) that the second action raise an issue actually litigated or which should have been litigated in the first action; and (4) identity of claims. *Fieger v. Corrigan*, 602 F.3d 775, 777 n.3 (6th Cir. 2010) (citing *Bittinger v. Tecumseh Pros. Co.*, 123 F.3d 877, 880 (6th Cir. 1991)).

This court dismissed the prior action as moot. (Dkt. # 1, Pg. ID 28-30.) A dismissal based on mootness is not a final judgment on the merits to which the court may give preclusive effect. *See Fieger*, 602 F.3d at 777 n.3 ("[O]n appeal, [the prior action] was decided on mootness grounds, so [that prior case] did not result in a final judgment on the merits to which we could now give preclusive effect."). As a result, *res judicata* does not bar Plaintiff's claim. Accordingly,

IT IS ORDERED that Defendant's Motion to Dismiss (Dkt. # 12) is DENIED.

      s/Robert H. Cleland        /
      ROBERT H. CLELAND
      UNITED STATES DISTRICT JUDGE

Dated: November 8, 2016

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, November 8, 2016, by electronic and/or ordinary mail.

      s/Lisa Wagner        /
      Case Manager and Deputy Clerk
      (313) 234-5522

S:\Cleland\JUDGE'S DESK\C1 ORDERS\16-10092.BOBAK.mot.dismiss.tlh.docx